UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KATHLEEN LING,

              Plaintiff,

- against -

ZIMMER, INC., et al.,

              Defendants.

CIVIL CASE
MANAGEMENT PLAN

Civil Case No. 7:12-cv-1363

---

The plaintiff, Kathleen Ling ("Plaintiff"), and the defendants, Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Production, Inc., Zimmer US, Inc., and Zimmer Surgical, Inc. (f/k/a Zimmer Orthopaedic Surgical Products, Inc.) (collectively "Zimmer"), hereby submit their proposed Civil Case Management Plan:

**1)** **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before **April 8, 2013**.

**2)** **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before **April 8, 2013**.

**3)** **DISCOVERY:** All discovery in this action shall be completed on or before **November 22, 2013**.

**4)** **MOTIONS:** All motions, including discovery motions, shall be made on or before **December 20, 2013.  (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).**

**5)** **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before **March 6, 2014.**  It is anticipated that the trial will take approximately **five (5) days** to complete.  The parties request that the trial be held in **Albany, N.Y**.

**6)** **HAVE THE PARTIES FILED A JURY DEMAND?**  YES

**7)** **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?  ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION?  HAVE ALL PARTIES BEEN SERVED?**  Yes to all.

**8)** **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANTS' DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS IF APPLICABLE)?**

A.  <u>Plaintiff's Claims:</u>

1) CLAIM 1: Defendants are liable for Plaintiff's damages under a theory of strict liability on the basis of an inferential proof of a defect, a manufacturing defect, and that said design of the implant at issue in this case was manufactured in a manner as to render the knee implant unreasonably dangerous, and these were the producing and proximate causes of Plaintiff's injuries and damages.

2) CLAIM 2: Defendants are liable for Plaintiff's injuries and damages under a theory of negligence in that Defendants owed Plaintiff a duty of reasonable care and breached said duty, which proximately caused Plaintiff's injuries and damages.

3) CLAIM 3: Defendants are liable for Plaintiff's injuries and damages under a theory of negligence based on the doctrine of res ipsa loquitor, in that the character of the incident made the basis of this suit is such that it would not ordinarily occur absent negligence, and the knee implant at issue was under the management and control of Defendants at the time the negligence occurred, and this negligence proximately caused Plaintiff's injuries and damages.

4) CLAIM 4: Defendants are liable for Plaintiff's injuries and damages under a theory of strict liability for failure to warn. Defendants had a duty to warn of latent defects resulting from the foreseeable use of its product which they knew or should have known, and Defendants failed to adequately warn Plaintiff of the defects in the knee implant, and this proximately caused Plaintiff's injuries and damages.

5) CLAIM 5: Defendants are liable for Plaintiff's injuries and damages under a breach of warranty cause of action. Defendants are liable for a breach of express warranty in that they warranted the knee implant would be fit for use in Plaintiff has a prosthetic device that would not fracture, and the device fractured due to no fault of Plaintiff, and this breach of warranty proximately caused Plaintiff's injuries and damages. Defendants are further liable under a breach of warranty of merchantability, in that Defendants warranted the knee implant would be fit for its ordinary purpose, and the knee implant, by virtue of its design and/or manufacturing defect, was not fit for this ordinary purpose, and this breach proximately caused Plaintiff's injuries and damages.

B. <u>Defendant's Defenses:</u>

1) DEFENSE 1:  The Complaint, in whole or in part, fails to state a claim or cause of action against Zimmer upon which relief can be granted.

2)     DEFENSE 2: Plaintiff's claims may be barred by applicable statutes of limitations and/or statute of repose.

3)     DEFENSE 3: Zimmer Production, Inc., Zimmer US, Inc., and Zimmer Surgical, Inc. (f/k/a Zimmer Orthopaedic Surgical Products, Inc.), are not a proper parties to this action.

4)     DEFENSE 4: Plaintiff failed to provide timely notice of any asserted breach of warranty contained in the Complaint.

5)     DEFENSE 5: Plaintiff's claims may be barred due to the spoliation of evidence.

6)     DEFENSE 6: Plaintiff's recovery is barred because the product at issue was in conformity with the generally recognized state of the art at the time it was designed, manufactured, packaged, labeled, distributed, and sold.

7)     DEFENSE 7: Each purported cause of action of Plaintiff's Complaint is barred by the doctrines of laches, good faith, waiver, estoppel, and res judicata.

8)     DEFENSE 8: Plaintiff's alleged injuries or damages, if any, may have been proximately caused by a modification or alteration of the product that was not reasonably foreseeable, was made by a person other than Zimmer, and was made subsequent to the time of original sale.

9)     DEFENSE 9: The proximate cause of the alleged injuries described in Plaintiff's Complaint may have been the use of the product for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning or instruction appearing on, attached to, or delivered with the product. Plaintiff knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

10)     DEFENSE 10: Upon information and belief, Plaintiff knowingly failed to exercise due care for her own safety through her own culpable acts and/or omissions with knowledge that an injury such as the one described in Plaintiff's Complaint could occur. Such knowing acts and/or omissions constitute assumption of the risk of the product, were a proximate cause of Plaintiff's alleged injuries and damages, and constituted fifty percent (50%) or more of such cause, and Plaintiff's claims are therefore barred or, if not barred entirely, must be diminished proportionately.

11)     DEFENSE 11: Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of primary and secondary assumption of risk or informed

consent, this conduct bars, in whole or in part, any damages Plaintiff seeks to recover herein.

12) DEFENSE 12:  Plaintiff knowingly failed to exercise due care for her own safety through her own culpable acts and/or omissions with knowledge that an injury such as the one described in Plaintiff's Complaint could occur.  Such knowing acts and/or omissions constitute misuse of the product, which could not have reasonably been expected by Zimmer, were a proximate cause of Plaintiff's alleged injuries and damages, and constituted fifty percent (50%) or more of such cause.  Plaintiff's claims are therefore barred or, if not barred entirely, must be diminished proportionately.

13) DEFENSE 13:  Upon information and belief, Plaintiff failed to exercise due care for her own safety through her own negligent acts and/or omissions which resulted in his alleged damages.  Plaintiff's damages, if any, were the direct and proximate result of the fault and/or contributory negligence of the Plaintiff which constituted fifty percent (50%) or more of such cause.  Plaintiff's claims are therefore barred by the Plaintiff's contributory negligence or, if not barred entirely, must be diminished proportionately by the Plaintiff's contributory negligence.

14) DEFENSE 14:  Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties (including misuse by independent third parties), and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions or his own idiosyncratic reactions.

15) DEFENSE 15:  Plaintiff cannot recover under the Complaint because Zimmer complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, the State of New York, or by an agency of the United States or the State of New York.

16) DEFENSE 16:  The conduct of Zimmer and the subject product conformed to the Federal Food, Drug and Cosmetic Act and the requirements of the Food and Drug Administration.  Moreover, the activities of Zimmer alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

17) DEFENSE 17:  Any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine and/or sophisticated user doctrine.

18) DEFENSE 18:  The product at issue is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the device for a class of patients knowing the device's foreseeable risks and therapeutic benefits.  Plaintiff's claims are barred or limited to a product liability failure-to-warn claim because the product is a prescription medical device and falls within the ambit of Restatement (Second) of Torts section 402A, Comment k.

19) DEFENSE 19:  Plaintiff's claims may be barred, in whole or in part, by the doctrine of federal preemption.

20) DEFENSE 20:  Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate any injuries and damages she allegedly suffered.

21) DEFENSE 21:  Upon information and belief, the product alleged by Plaintiff to have been defective complied with any and all relevant design and manufacture specifications.

22) DEFENSE 22:  The product alleged by Plaintiff to have been defective did not deviate from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

23) DEFENSE 23:  Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect, because the subject product was properly prepared in accordance with the applicable standard of care.

24) DEFENSE 24:  While denying at all times that the product at issue caused or contributed to the injuries and damages alleged in the Plaintiff's Complaint, Zimmer avers that Plaintiff was warned or otherwise made aware of the alleged risks associated with the use of the product, and that any such risks, to the extent they existed, were not beyond those which would have been contemplated by an ordinary consumer.  Plaintiff, therefore, is barred from any recovery on the claims asserted.

25) DEFENSE 25:  Zimmer avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the alleged danger of such characteristics.  Zimmer further avers that any alternative design was neither feasible, either scientifically or technologically, nor

        economically practical.

26) Plaintiff's claimed damages are too speculative to form the basis for relief.

27) While denying that Plaintiff suffered any injury for which Zimmer is liable, Zimmer avers that any injuries suffered by Plaintiff have been mitigated, in whole or in part, by reimbursement from collateral sources.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

(1) Whether the product at issue was defective.

(2) Whether Zimmer breached any duty of care owed to Plaintiff.

(3) Whether Zimmer made and/or breached any express or implied warranties regarding the product at issue.

(4) The proximate cause of Plaintiff's alleged injuries and/or damages.

(5) The amount of damages suffered by Plaintiff, if any.

(6) Whether Plaintiff's recovery should be barred and/or limited due to any of Zimmer's proffered defenses in this case.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties expect to file dispositive motions in this case that may dispose of the litigation entirely or narrow the issues remaining in the litigation.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff seeks compensatory damages, pre and post-judgment interest, costs of court, and any "further relief to which Plaintiff shows herself justly entitled to receive." Defendants seek judgment in their favor and against Plaintiff.

**12) DISCOVERY PLAN:**

**A.** **Mandatory Disclosures**

The parties agree to extend the deadline for exchanging mandatory disclosures pursuant to Rule 26(a) until **December 7, 2012.**

    B.    **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address all of the claims and defenses asserted by the parties in this litigation.

    C.    **Discovery Sequence**

**Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The parties will engage in fact discovery, and then once fact discovery is completed, expert discovery will proceed.

The parties agree that fact discovery should close on or before **August 16, 2013,** and expert discovery should be completed on or before **November 22, 2013**.

    D.    **Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The parties intend to use the discovery tools permitted by Rules 33, 34, and 36 in order to narrow the issues and discover all facts and opinions as permitted under the Rules.

The parties agree to serve initial sets of interrogatories (Rule 33) and requests for production (Rule 34) on or before **January 11, 2013**.

The parties also agree to serve any requests for admissions (Rule 36) at least **35 day**s prior to the close of fact discovery.

    E.    **Depositions**

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Zimmer anticipates taking the deposition of the Plaintiff and her treating physician(s), and any non-party expert(s) named by the Plaintiff in this action. Plaintiff anticipates taking the deposition of Plaintiff's treating physicians, the corporate representative(s) of Defendants, and any non-party expert(s) named by Defendants in this action. The parties expect these depositions to take place at location(s) permissible under the Federal Rules Of Civil Procedure. The parties reserve the right to depose additional witnesses as all facts concerning this matter are learned during discovery.

  **F.** **Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

  The parties expect to retain experts with respect to issues of causation, liability, and damages. The parties agree that such expert disclosures should conform to the requirements set forth in Rule 26(a)(2) pursuant to the following disclosure schedule:

    Plaintiff's Deadline To Disclose Experts: **September 13, 2013.**

    Defendants Deadline To Disclose Experts**: October 11, 2013**.

  **G.** **Electronic Discovery**

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

  The parties do not anticipate discovery involving extensive electronically stored information and do not anticipate seeking a court order regarding such issues.

  **H.** **Protective Orders**

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

  The parties agree that this case will involve the disclosure of confidential financial information, as well as the possible exchange of proprietary, trade secret, and commercially sensitive information, and the parties will propose an appropriate Protective Order for entry by the Court.

  **I.** **Anticipated Issues Requiring Court Intervention**

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

None known at present.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OR PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It is premature to determine whether it is possible to reduce the length of trial by stipulation, summaries or statements, or any other expedited means. The parties, however, do not presently anticipate seeking a bifurcated trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?**

**Please circle below the prospect for settlement:**

1    2    3    4    5    6    7    8    9    10

**VERY UNLIKELY**................................................................................................**LIKELY**

**CANNOT BE EVALUATED PRIOR TO**: Completion of fact discovery.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The parties submit that prospects for settlement are difficult to estimate prior to the completion of fact discovery. Nonetheless, the parties have proposed the aforementioned deadlines to provide the parties with sufficient time to evaluate the prospect of settlement and, if necessary, to allow for mediation to take place prior to the commencement of expert discovery.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT- ANNEXED AND NON-BINDING.**

17)   IF YOUR **CASE WAS SELECTED AS A QUALIFYING CONTRACT OR TORT ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

     ___   ARBITRATION
     _X_   MEDIATION
     ___   EARLY NEUTRAL EVALUATION

*************************************************************************

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 15, 2012, via telephone conference, and was attended by:

Bradley J. Reeves (Pro Hac Application Forthcoming)
HOUSSIERE, DURANT & HOUSSIERE, LLP
1990 Post Oak Blvd., Suite 800
Houston, TX 77056
Tel:   (713) 626-3700
Email: breeves@hdhtex.com

*Attorney for Plaintiff*

Adrienne Franco Busby (Pro Hac Application Forthcoming)
Jessica Benson Cox (Pro Hac Application Forthcoming)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Tel:   (317) 237-0300
Fax:   (317) 237-1000
Email: adrienne.busby@FaegreBD.com
Email: jessica.cox@FaegreBD.com

*Attorney for Defendants*

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action.  The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

Please detach this form and return it to the Clerk for filing at least ten (10) days in advance of the conference date.